IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2002

## STATE OF TENNESSEE v. TERRANCE DESHONE KINNIE

**Appeal from the Circuit Court for Madison County**
**No. 00-565     Roger A. Page, Judge**

---

**No. W2001-00483-CCA-R3-CD  - Filed March 8, 2002**

---

The Defendant, Terrance Deshone Kinnie, was convicted of second degree murder.  After a sentencing hearing the Defendant was sentenced to twenty-three years in the Department of Correction.  On appeal, the Defendant contends that the evidence is insufficient to support a verdict of guilty beyond a reasonable doubt.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Daniel J. Taylor, Jackson, Tennessee, for the appellant, Terrance Deshone Kinnie.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The State's proof established that on June 4, 1999, Pierre Chapman was approaching the home of his friend Larry Glenn when the Defendant stepped onto Mr. Glenn's porch, put a gun to Mr. Chapman's head and demanded money.  While the Defendant took money from Mr. Chapman's pocket, Mr. Chapman grabbed the gun, and the two men began to struggle for control of the weapon.  The gun was fired at least once during the struggle.  The gun eventually fell to the ground, and Mr. Chapman kicked it off the porch into the yard.  During the fight, Mr. Glenn came out of the house and joined the fray, pushing both men into the yard.  According to Mr. Chapman, the Defendant was able to retrieve the gun.  The Defendant then opened fire at Mr. Glenn and Mr. Chapman as they fled into the house.  One of the shots fired by the Defendant struck Mr. Glenn, damaging his heart and lungs.  Several other bullet holes were found in the door of the home.  Mr. Glenn died of the gunshot wound.

The Defendant, a drug dealer, contended at trial that Mr. Chapman asked him to come into the house so he could buy crack cocaine from the Defendant. However, when the two reached the porch, Mr. Chapman pulled a gun on the Defendant. The Defendant agreed that a struggle for the gun took place, however, he insisted that Mr. Glenn was shot accidently when the gun discharged during the struggle. The Defendant stated that he and Mr. Glenn were both holding the gun when the fatal shot was fired.

## SUFFICIENCY

The Defendant contends on appeal that the evidence presented at trial is insufficient to support his conviction. We disagree. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. See Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

The Defendant was convicted of the knowing killing of Larry Glenn. See Tenn. Code Ann. § 39-13-210. Taken in the light most favorable to the State, the evidence is sufficient to support the conviction. During an aggravated robbery attempt, the Defendant became involved in a struggle with two men over his firearm. After regaining control of the weapon, the Defendant fired several shots at Mr. Glenn and Mr. Chapman as they were fleeing into the house. Mr. Glenn was struck by one of these shots and died. Clearly, the Defendant acted knowingly in firing the pistol at two fleeing men, and we find the evidence sufficient to support the Defendant's conviction for second degree murder.

The Defendant chiefly argues that the evidence is insufficient due to alleged inconsistencies in the testimony of several of the State's witnesses. He also asserts that testimony presented by defense witnesses contradicted testimony presented by the prosecution witnesses. However, any such inconsistencies were resolved by the trier of fact in favor of the State, and we are bound by that resolution. See Morris, 24 S.W.3d at 795; Pappas, 754 S.W.2d at 623. Reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of second degree murder beyond a reasonable doubt.

## CONCLUSION

After a thorough review of the record, we conclude that the evidence is sufficient to support the Defendant's conviction for second degree murder. The judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE